

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,803-01 AND WR-85,803-02

**EX PARTE DEMARCUS XAVIER MATTHEWS, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 58832-01-C AND 58972-01-C IN THE 251ST DISTRICT COURT
FROM POTTER COUNTY**

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to one charge of sexual assault of a child and one charge of aggravated sexual assault of a child in exchange for deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to twenty years' imprisonment for the sexual assault and forty years' imprisonment for the aggravated sexual assault, to run concurrently. The Seventh Court of Appeals dismissed his direct appeals at his request.

Applicant contends, among other things,[1] that his counsel rendered ineffective assistance at adjudication. Applicant alleges that his sentences after adjudication were based solely on the evidence of the violations of his terms of community supervision, and that the trial court was not presented with evidence of the facts underlying the original charges. Specifically, Applicant alleges that counsel failed to present evidence from the complainant regarding her feelings about the original offenses in mitigation of punishment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. It appears that Applicant is currently represented by habeas counsel. If Applicant is indigent and wishes to be represented by different counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with transcripts of the original plea proceeding and the adjudication and sentencing proceedings. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 2, 2016
Do not publish